UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD NATHANIEL MILLER**                                   **CIVIL ACTION**

**VERSUS**                                                     **NO. 18-14251**

**STATE OF LOUISIANA, ET AL.**                                 **SECTION: "E"(1)**

**REPORT AND RECOMMENDATION**

Richard Nathaniel Miller, a state prisoner, filed a *pro se* pleading entitled "Motion for Removal of Criminal Prosecution."[1] The matter was thereafter referred to the undersigned United States Magistrate Judge for the issuance of a Report and Recommendation.

Miller's pleading is rambling and difficult to decipher. Nevertheless, based on the references to dates and court cases he mentions therein, it appears that he is attempting to remove his state criminal proceeding, Orleans Parish Criminal District Court Case No. 396-824, to this federal court. The online Docket Master concerning that case, a copy of which is attached to this Report and Recommendation, reflects the following information: That state prosecution was initiated by the filing of a bill of information on April 3, 1998, and Miller was arraigned on April 20, 1998. On April 12, 1999, he was convicted under Louisiana law of possession of cocaine and distribution of marijuana. On May 24, 1999, he was sentenced as follows: on the cocaine conviction to a term of fifty years imprisonment without the benefit of probation, parole, or suspension of sentence; and on the marijuana conviction to a concurrent term of twenty years imprisonment. On June 15, 1999, he was then adjudicated a multiple offender and resentenced as

---

[1] Rec. Doc. 3.

such on the cocaine conviction to a term of fifty years imprisonment without the benefit of probation, parole, or suspension of sentence.

Further research reflects that Miller's convictions were subsequently affirmed by the Louisiana Fourth Circuit Court of Appeal on March 20, 2002. State v. Miller, 817 So.2d 511 (La. App. 4th Cir. 2002) (Table).[2] The Louisiana Supreme Court denied his related writ application. State v. Miller, 843 So.2d 388 (La. 2003).

After Miller was then unsuccessful in his efforts to obtain post-conviction relief in the state courts, he filed a federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2254. That petition was dismissed with prejudice by United States District Judge Jay C. Zainey on March 21, 2014. Miller v. LeBlanc, Civ. Action No. 12-2806, 2014 WL 1154271 (E.D. La. Mar. 21, 2014). The United States Fifth Circuit Court of Appeals denied his related motion for a certificate of appealability on February 5, 2015. Miller v. LeBlanc, No. 14-30441 (5th Cir. Feb. 5, 2015).

Miller then sued the judges of both this court and the Fifth Circuit who were involved in the denial of his federal habeas corpus petition, as well as various other individuals and the State of Louisiana. That lawsuit was dismissed with prejudice. Miller v. Clement, Civil Action No. 16-5778, 2016 WL 4530620 (E.D. La. Aug. 10, 2016), adopted, 2016 WL 4512034 (E.D. La. Aug. 29, 2016), appeal dismissed, 704 F. App'x 398 (5th Cir. 2017).

Miller also attempted to file another federal habeas corpus petition with this Court. However, in light of the fact that he had already had a prior such petition dismissed on the merits, Judge Zainey construed the petition in part as a motion for authorization to file a second or

---

[2] However, according to the decision concerning Miller's related federal habeas corpus application, "[t]he court of appeal amended Miller's habitual offender sentence on the cocaine count to prohibit parole eligibility for only the first ten years, and affirmed as amended." Miller v. LeBlanc, Civ. Action No. 12-2806, 2014 WL 115271, at *3 n.9 (E.D. La. Mar. 21, 2014).

successive petition and transferred it to the United States Fifth Circuit Court of Appeals. <u>Miller v. Louisiana</u>, Civ. Action No. 16-13039 (E.D. La. Nov. 1, 2016). The Fifth Circuit denied authorization. <u>In re</u> <u>Miller</u>, No. 16-31135 (5th Cir. Dec. 13, 2016).

Miller then continued his efforts to seek post-conviction relief in the Louisiana state courts which, according to the aforementioned Docket Master, apparently resulted in him ultimately being resentenced on the cocaine conviction to a term of twenty-two years imprisonment without benefit of probation, parole, or suspension of sentence on January 18, 2019.

In the interim, Miller had filed the instant "Motion for Removal of Criminal Prosecution" seeking removal pursuant to 28 U.S.C. § 1455. In pertinent part, that statute provides:

> **(a) Notice of removal.** – A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements.** – **(1)** A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> **(2)** A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
>
> **(3)** The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

> **(4)** The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.
>
> **(5)** If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

28 U.S.C. § 1455.

Critically, the foregoing statute refers to criminal "prosecutions," consistent with the notion that the point of removal is to have the trial go forward in a federal, rather than state, court. That is reflected in the requirement that a notice of removal must generally be filed no later than thirty days after the arraignment in state court. Here, Miller filed his notice of removal more than *twenty years* after he was arraigned in state court on April 20, 1998. Moreover, he was ultimately convicted in state court on April 12, 1999, and the statute clearly does not contemplate removal of a case *after* conviction. See Smith-El v. Louisiana, Civ. Action No. 16-cv-1310, 2016 WL 8900203, at *1 (W.D. La. Sept. 27, 2016), adopted, 2017 WL 1821111 (W.D. La. May 3, 2017); see also Barber v. Vance, Case No. 3:16-cv-2105, 2019 WL 267874, at *2 (D. Ore. Jan. 18, 2019) ("[Plaintiff's] criminal case is finished at the state trial court level and removal to this trial court is improper after the case is closed (and untimely, because he would have needed to file a petition of removal within 30 days of his arraignment, see 28 U.S.C. § 1455(b)(1))"."); 8A Fed. Proc, L. Ed. § 22:59 ("The general rule is that a criminal prosecution can be removed from a state to a federal court only after indictment and before trial.").

Miller's notice of removal is thus obviously untimely. Moreover, he has not demonstrated any good cause to extend the removal deadline, and, in any event, doing so would be futile since his state criminal prosecution has already concluded. Simply put: there is no longer a "prosecution" to remove.

Lastly, although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded. In light of that fact, dismissal is appropriate.

## RECOMMENDATION

It is therefore **RECOMMENDED** that this matter be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of March, 2019.

                                               **JANIS VAN MEERVELD**
                                               **UNITED STATES MAGISTRATE JUDGE**

```
Case: 396824            D O C K E T   M A S T E R        Date: 02/20/2019
Section: H                                                Time:  16:21:56
 Class: 2
                    ORLEANS PARISH CRIMINAL DISTRICT COURT

===========================================================================
 DF# DEFENDANT(S):      CNTS CHARGE(S):
===========================================================================

    1 MILLER, RICHARD J
                             1   RS 14  95.1                BOND:    35,000.00
                                 POSS OF A FIREARM OR WEAPON BY FELON
                             1   RS 15  529.1               BOND:        0.00
                                 MULTIPLE BILL
                             1   RS 40  967(F)(1)           BOND:     8,000.00
                                 POSS 28 TO 200 GRAMS COCAINE
                             1   RS 40  966(A)(2)    C22D   BOND:     8,000.00
                                 DIST OF MARIJUANA
    2 MITCHELL, TAMMY J
                             1   RS 40  967(F)(1)           BOND:        0.00
                                 POSS 28 TO 200 GRAMS COCAINE
    2 MITCHELL, TAMMY J
                             1   RS 14  95(E)               BOND:     5,000.00
                                 ILLEGAL CARRYING WEAPON WITH CDS


===========================================================================
  DATE    PROCEEDINGS
===========================================================================

 04/03/1998                                                        FRANKLINC
            FILED BILL OF INFORMATION
            CAPIAS ISSUED
            BOND SET $30,000.00. AS TO DEFENDANT MITCHELL
                     $51,000.00. AS TO DEFENDANT MILLER
            MAGISTRATE PAPERWORK FILED (M-328745, DOB 1/13/69, F#799358)
                                       AS TO DEFENDANT MILLER
                                      (M-328763, DOB 5/14/73, F#799357)
                                       AS TO DEFENDANT MITCHELL
 04/06/1998                                                        FRANKLINC
            ALLOTTED.  ARRAIGNMENT SET FOR 4/20/98 AS TO BOTH DEFENDANTS
                             DEFENDANT MITCHELL (701 RELEASE)
                             DEFENDANT MILLER    PDOJL.
 04/20/1998                                                        FREEMONM
            DEFENDANT MILLER APPEARED IN COURT UNATTENDED BY COUNSEL, FOR
            ARRAIGNMENT. COURT RREAD BILL OF INFORMATION NOTIFIED DEFENDANT
            OF HIS RIGHT TOTRIAL AND APPOINTEDKENDALL GREEN,ESQ., OF THE
            OIDP, TO REPRESENT THE DEFENDANT. KEVIN BOSHEA, ESQ., STOOD IN
            FOR ARRAIGNMENT PURPOSES AND ENTERED A PLEA OF NOT GUILTY ON
            BEHALF OF DEFENDANT. HEARING ON PLEADINGS SET FOR 5/7/98.
            DEFENDANT REMANDED. SEND NOTICES.
            DEFENDANT MITHCELL COULD NOT BE SUBPOENAED FOR ARRAIGNMENT. COURT
            ISSUED AN ALIAS CAPIAS IN THE AMOUNT OF $50,000.00 FOR ARREST
            AND ORDERED BOND BE POSTED THRU COMMERICAL SURETY. PENDING
            DEFENDANT'S ARREST, THIS MATTER CONTINUED WITHOUT DATE. (701
            RELEASE)
 05/07/1998                                                        FREEMONM
            DEFENDANT APPEARED IN COURT, ATTENDED BY COUNSEL, KEVIN BOSHEA,
            ESQ., FOR HEARING ON PLEADINGS. STATE MARKED FOR IDENTIFICATION
            S1 AND S2. DEFENNSE MARKED FILED INTO EVIDENCE D1. HEARING
            CONTINUED BY THE COURT, BY JOINT MOTION AS OPEN MATTER AND RESET
            FOR 6/5/98. DEFENDANT REMANDED. SEND NOTICES.
            AS TO MILLER.
 05/08/1998                                                        FREEMONM
            DEFENSE COUNSEL, KEVIN BOSHEA, ESQ., SUPPLEMENTED RECORD WITH
```

| Date | Entry |
|---|---|
| | MOTION FOR PRELIMINARY HEARING, MOTIONS TO SUPPRESS CONFESSION, EVIDENCE, EVIDENCE OF IDENTIFICATION, MOTION FOR SPEEDY TRIAL, MOTION FOR REDUCTION OF BAIL, MOTION AND ORDER FOR PRODUCTION OF THE POLICE/SHERIFF INCIDENT REPORT OF THE INVESTIGATION, MOTION FOR DISCOVERY AND INSPECTION, AND MOTION FOR DISCLOSURE OF IMEPEACHING INFORMATION. HEARING DATE PREVIOUSLY SET FOR 6/5/98. AS TO MILLER. |
| 06/05/1998 | FREEMONM |
| | ON ORAL MOTION OF DEFENSE COUNSEL, KEVIN BOSHEA, ESQ., HEARING/ RULING ON ALL OPEN MOTIONS RESET FOR 6/19/98. DEFENDANT REMANDED. SEND NOTICE TO DEFENSE COUNSEL ONLY. AS TO MILLER. |
| 06/15/1998 | FREEMONM |
| | DEFENSE COUNSEL, KEVIN BOSHEA, ESQ., FILED MOTION AND ORDER TO PRESERVE EVIDENCE, MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE AND DEFENDANT'S OPPOSITION TO THE STATE'S NOTICE OF INTENT TO OFFER INTO EVIDENCE THE STATE'S CRIMINALIST REPORT AS PRIMA FACIE PROOF. AS TO MILLER. |
| 06/19/1998 | FREEMONM |
| | HEARING ON PLEADINGS CONTINUED BY JOINT MOTION AND RESET FOR 6/29/98. DEFENDANT REMANDED. SEND NOTICE TO DEFENSE COUNSEL ONLY. AS TO MILLER. |
| 06/29/1998 | FREEMONM |
| | HEARING/RULING ON PLEADINGS CONTINUED BY JOINT MOTION AND RESET FOR 7/9/98. DEFENDANT REMANDED. SEND NOTICE TO DEFENSE COUNSEL. STATE FILED ANSWERS TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE. AS TO MILLER. |
| 07/09/1998 | FREEMONM |
| | ON ORAL MOTION OF THE STATE, HEARING ON PLEADINGS CONTINUED BY THE COURT AND RRESET FOR 7/28/98. DEFENDANT REMANDED. SEND NOTICES.  AS TO MILLER. |
| 08/06/1998 | FREEMONM |
| | DEFENDANT APPEARED IN COURT, ATTENDED BY COUNSEL, KEVIN BOSHEA, ESQ., FOR RULING ON PRELIMINARY HEARING AND MOTION TO SUPPRESS EVIDENCE. MR. BOSHEA MADE ARGUMENT AND SUBMITTED ON ALL PRIOR TESTIMONY AND EVIDENCE. COURT FOUND PROBABLE CAUSE AND DENIED MOTION TO SUPPRESS. MR. BOSHEA'S REQUEST FOR TIME WITHIN TO FILE WRITS WAS GRANTED BY THE COURT; DEFENSE GRANTED UNTIL 9/4/98 TO FILE WRITS. TRIAL SET FOR 9/30/98. DEFENDANT REMANDED. SEND NOTICES. |
| 08/07/1998 | BUCKLESD |
| | FILED ARREST OF CAPIAS NOTIFICATION, DATE OF ARREST 8/5/98. THIS CASE PREVIOUSLY SET. DEFENSE COUNSEL KEVIN BOSHEA, FILED NOTICE OF INTENT TO SEEK WRITS. |
| 09/03/1998 | PERRIERS |
| | DEFENSE COUNSEL KEVIN BOSHEA, ESQ. FILED MOTION FOR EXTENSION OF TIME. COURT GRANTED MOTION; DEFENSE GRANTED UNTIL 9/8/98 TO FILE WRITS. |
| 09/30/1998 | PERRIERS |
| | ON ORAL MOTION OF DEFENSE COUNSEL, KEVIN BOSHEA, ESQ. TRIAL CONTINUED BY THE COURT. PRE-TRIAL HEARING SET FOR 10/7/98. DEFENDANT REMANDED. (MR. BOSHEA NOTIFIED THE COURT THAT DEFENDANT WRITS DENIED BY 4TH CIRCUIT COURT OF APPEAL) |
| 10/01/1998 | PERRIERS |
| | COURT FILED ORDER #98-K-2179 OF THE LOUISIANA COURT OF APPEAL, FOURTH CIRCUIT..........DEFENDANT'S APPLICATION FOR SUPERVISORY WRITS DENIED. |
| 10/07/1998 | PERRIERS |
| | PRE-TRIAL HELD TO NO AVAIL. TRIAL SET FOR 11/19/98. DEFENDANT REMANDED. SEND NOTICES. COURT ORDERED FILED AND GRANTED DFENDANTS MOTION FOR EXTENSION OF WRIT RETURN DATE; DEFENSE GRANTED UNTIL 10/8/98 TO FILE WRITS. |
| 11/19/1998 | BATESS |

```
             DEFENDANT MILLER APPEARED AT THE BAR OF THE COURT ATTENDED BY
             COUNSEL, KEVIN BOSHEA, ESQ. FOR TRIAL. MR. BOSHEA FILED MOTION
             TO WITHDRAW AS COUNSEL OF RECORD ANDMADE ARGUMENT. COURT GRANTED
             MOTION, APPOINTED DONALD SAUVIAC, ESQ. OF THE OIDP, TO REPRESENT
             THE DEFENDANT AND ODERED TRIAL BE SET FOR 1/19/99. DEFENDANT
             REMANDED. SEND NOTICES.
01/19/1999                                                          PERRIERS
             AS TO DEFENDANT MILLER:
             DONALD SAUVIAC, ESQ. OF THE OIDP, NOTIFIED THE COURT THAT KENDALL
             GREEN, ESQ. OF THE OIDP, IS COUNSEL OF RECORD. COURT NOTED
             CHANGE IN APPOINTED COUNSEL AND ORDERED TRIAL RESET FOR 3/3/99.
             DEFENDANT REMANDED. SEND NOTICES.
03/03/1999                                                          PERRIERS
             AS TO DEFENDANT MILLER:
             TRIAL CONTINUED BY JOINT MOTION AND RESET FOR 4/12/99. DEFENDANT
             REMANDED. SEND NOTICES.
04/12/1999                                                          GILBERTB
             DEFENDANT MILLER APPEARED AT THE BAR OF THE COURT ATTENDED BY
             COUNSEL, KENDALL GREEEN, ESQ. OF THE OIDP, FOR TRIAL. DEFENDANT
             MADE APPOINTMENT OF NEW COUNSEL; STATEMENT MADE BY MR. GREEN.
             DEFENDANT'S REQUEST DENIED BY THE COURT. STATE FILED MOTION FOR
             DISCOVERY. COURT RECONVENEED WITH ALL PRESENT AND READY. JURY
             RETURNED A VERDICT OF GUILTY AS CHARGED ON BOTH COUNTS. COURT
             POLLED JURY AND FOUND VERDICT CORRECT IN LAW. VERDICT RECORDED
             AND FILED. JURY THANKED AND DICHARGED. HEARING ON MULTIPLE BILL
             AND SENTENCING SET FOR 5/18/99. DEFENDANT REMANDED. SEND NOTICE
             TO OFFICER GLYN BURMASTER, NOPD.
             DISPOSITION ENTERED BY BRANDY GILBERT ON 5/15/2001.
             ORIGINALLY PROCESSED BY S. PERRIER.
04/26/1999                                                          PERRIERS
             AS REQUESTED BY COUNSEL; PLACE THIS MATTER ON THE DOCKET FOR
             STATUS HEARING ON 4/28/99. AS TO MILLER.
05/18/1999                                                          PERRIERS
             AS TO DEFENDANT MILLER:
             HEARING ON MULTIPLE BILL AND SENTENCING CONTINUED BY JOINT MOTION
             AND RESET FOR 5/24/99. DEFENDANT REMANDED.
             STATUS HEARING AS TO VIO. R.S. 14:95.1 RESET FOR SAME DATE.
05/24/1999                                                          GILBERTB
             DEFENDANT MILLER APPEARED AT THE BAR, ATTENDED BY COUNSEL,
             KENDALL GREEN, ESQ. OF THE OIDP, FOR SENTENCING. COURT NOTIFIED
             DEFENDANT OF TIME LIMIT WITHIN TO FILE POST CONVICTION MOTIONS
             AND SENTENCED DEFENDANT AS FOLLOWS:
             VIO. R.S. 40:967: DEFENDANT SENTENCED TO SERVE FIFTY (50) YEARS
             IN THE CUSTODY OF THE D.O.C. WITH CREDIT FOR TIME SERVED, WITHOUT
             BENEFIT OF PROBATION, PAROLE OR SUSPENSION OF SENTENCE.
             VIO. R.S. 40:966: DEFENDANT SENTENCED TO SERVE TEWNTY (20) YEARS
             IN THE CUSTODY OF THE D.O.C. WITH CREDIT FOR TIME SERVED.
             SENTENCES TO RUN CONCURRENT. ALL OBJECTIONS AS NOTED. DEFENDANT'S
             AGE FOUND TO BE 30, BORN 1-13-69, IN LA.
             STATE FILED MULTIPLE BILL OF INFORMATION AS TO VIO. R.S. 40:967.
             HEARING SET FOR 6/15/99. SEND NOTICE TO OFFICER RAYMOND LOOSEMORE
             NOPD.
             TRIAL AS TO VIO. R.S. 14:95.1, SET 7/19/99. DEFENDANT REMANDED.
             SENTENCE ENTERED BY BRANDY GILBERT ON 5/15/2001.
             ORIGINALLY PROCESSED BY S. PERRIER.
06/15/1999                                                          GILBERTB
             DEFENDANT MILLER APPEARED WITH COUNSEL KENDALL GREEN, ESQ. OF
             OIDP FOR MULTIPLE BILL HEARING.  STATE FILED INTO EVIDENCE S1
             THRU S3.  COURT FOUND LTHE DEFENDANT TO BE A MULTIPLE OFFENDER.
             ANY DELAYS WAIVED AS TO SENTENCING.  COURT VACATED SENTENCE OF
             5/24/99, NOTIFIED DEFENDNAT OF TIME LIMIT WITHIN TO FILE POST
             CONVICTION MOTIONS AND SENTENCED THE DEFENDANT UNDER R.S.15:529.1
             (40:967), TO SERVE FIFTY (50) YEARS DOC, WITH CREDIT FOR TIME
             SERVED, WITHOUT BENEFIT OF PROBATION, PAROLE, OR SUSPENSION OF
             SENTENCE.  CONCURRENT WITH ALL OTHER SENTENCES.  DEFENSE COUNSEL
```

```
              KENDALL GREEN, ESQ. FILE MOTION TO RECONSIDER SENTENCE, DENIED,
              DEFENDANT NOTIFIED THE COURT OF INTENTION TO FILE MOTION FOR NEW
              TRIAL AND MOTION TO QUASH.  DEFENSE COUNSEL FILED MOTION FOR
              APPEAL AND DESIGNATION OF RECORD.  MOTION GRANTED.  COURT
              APPOINTED WILILAM CAMPBELL, ESQ. OF LA. APPELLATE PROJECT TO RE-
              PRESENT DEFENDANT AND SET RETURN DATE FOR 8/16/99.  DEFENDANT'S
              AGE FOUND TO BE 30, BORN 1/13/69, IN LA.  TRIAL AS TO VIO.
              R.S. 14:95.1, SET FOR 7/27/99.  SEND ALL NOTICES.
              SENTENCING AND DISPOSITION ENTERED BY BRANDY GILBERT ON 5/15/01.
              ORIGINALLY PROCESSED BY A. BROWN.
   07/16/1999                                                        CUSHENBERR
              AT REQUEST OF DEFENSE COUNSEL, KENDALL GREEN, ESQ., OF THE OIDP,
              TRIAL CONTINUED BY THE COURT. TRIAL RESET FOR 8/16/99. PDOJL
              SEND NOTICES.
   08/16/1999                                                        CUSHENBERR
              DUE TO TRIAL IN CASE 404-393, TRIAL IN THIS MATTER CONTINUED BY
              THE COURT AND RESET FOR 9/23/99. SEND NOTICES. PDOJL
   09/23/1999                                                        CUSHENBERR
              TRIAL CONTINUED BY THE COURT. AT REQUEST DEFENSE COUNSEL, KENDALL
              GREEN, ESQ., OF THE OIDP, TRIAL RESET FOR 10/27/99. SEND NOTICES
              PDOJL
   10/27/1999                                                        CUSHENBERR
              TRIAL, AS TO VIO. R.S. 14:95.1, CONTINUED BY JOINT MOTION AND RE-
              SET FOR 11/30/99.  DEFENDANT REMANDED.  SEND NOTICES.
   11/19/1999                                                        CUSHENBERR
              COURT FILED FOURTH CIRCUIT ORDER, DATED 10/29/99, DIRECTED TO
              COURT REPORTER LANA L'ENFANT; MS. L'ENFANT NOTIFIED.
   11/30/1999                                                          ENCLARDE
              STATE NOLLE PROSEQUIED VIO. R.S. 14:95.1; RELEASE ISSUED AS TO
              THIS CHARGE ONLY. PENDING RULING ON APPEAL, THIS MATTER CLOSED.
   05/01/2000                                                        CUSHENBERR
              COURT FILED LA. COURT OF APPEAL, FOURT CIRCUIT, ORDER DATED
              4/25/00.
   06/12/2000                                                        CUSHENBERR
              COURT FILED ORDER #2000-KA-1109 OF THE LA. COURT OF APPEAL,
              FOURTH CIRCUIT.
   07/17/2000                                                            ELZEYA
              COURT FILED ORDER #2000-KA-1109 OF LOUISIANA COURT OF APPEAL,
              FOURTH CIRCUIT. (COURT REPORTER NOTIFIED)
   09/12/2000                                                             BYRDR
              MILLER-CORRESPONDANCE FROM LOUISIANA APPELLATE PROJECT (BRIEF ASS
              OF ERROR).
   01/18/2001                                                            BOUDYT
              FILED ARREST OF CAPIAS NOTIFICATION. DATE OF ARREST: 1-12-01.
              SET STATUS HEARING ON 1-22-01.
   01/22/2001                                                            ELZEYA
              DEFENDANT MITCHELL APPEARED BEFORE COURT FOR ARRAIGNMNENT UN-
              ATTENDED BY COUNSEL AND COURT APPOINTED TILDEN GREENBAUM, OIDP.
              DEFENDANT, THROUGH COUNSEL, TENDERED TO COURT A PLEA OF NOT
              GUILTY. DEFENSE HAS UNITL 2/6/01 TO FILE ANY MOTIONS NECESSARY.
              HEARING ON MOTIONS SET ON 2/6/01. A $4,000.00 ROR BOND WAS SET
              IN THIS CASE.
   02/01/2001                                                            IRIASG
              FILEF R.O.R. BOND, RECALLED, DATE OF BOND: 1/26/01 AS TO DEFEN-
              DANT MITCHELL.
   02/06/2001                                                            ELZEYA
              COURT APPOINTED MR. CLIFF STOUTZ TO REPRESENT DEFENDANT MITCHELL.
              COURT GRANTED COUNSEL 10 DAYS TO FILE ANY MOTIONS NECESSARY.
              HEARING ON MOTIONS SET ON 3/16/01. SEND NOTICES. DNOC.
   03/16/2001                                                          GILBERTB
              STATE ENTERED A NOLLE PROSEQUI AS TO DEFENDANT MITCHELL. RELEASE
              ISSUED.
              DISPOSITION ENTERED BY BRANDY GILBERT ON 5/15/2001.
              ORIGINALLY PROCESSED BY A. ELZEY.
   05/13/2003                                                          ANDREWSA
```

```
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >SUPREME COURT STATE OF LA. NO. 2002-KO-1458
              "DENIED" 5-9-03.
04/12/2012                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >NO 2012-K-0453 WRIT GRANTED.
04/13/2012                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >WRIT GRANTED 2012-K-0453.
04/19/2012                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT APPLICATION FOR POST CONVICTION RELIEF WILL NOT BE
              CONSIDERED. >WRIT GRANTED 2012-K-0453.
06/07/2012                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >WRIT DENIED 2010-K-0739.
10/17/2012                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >2012-KH-1371 DENIED.
11/07/2014                                                       CATHERINEG
              PER REQUEST OF THE MINUTE CLERK, POST CONVICTION HEARING SET FOR
              11/10/2014.
11/10/2014                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR POST CONVICTION
              HEARING >THE DEFENDANT'S REQUEST WILL NOT BE CONSIDERED.
12/10/2014                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR POST CONVICTION
              HEARING >DEFENDANT'S MOTION TO RECONSIDER THIS COURT'S
              JUDGEMENT DATED 11-7-14 DENIED/JUDGEMENT SIGNED 12-8-14.
03/10/2015                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >COURT OF APPEAL 2015-K-0121 WRIT DENIED.
01/05/2016                                                        SHANKLINL
              AS PER-ORDERED BY MINUTE CLERK  POST CONVICTION HEARING SET FOR
              01-06-16. (AS TO MILLER)
01/06/2016                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR POST CONVICTION
              HEARING >DEFENDANT'S REQUEST FOR DOCUMENTS /TRANSCRIPTS IS
              DENIED.
02/01/2018                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >THE DEFENDANT FILED A MOTION TO CORRECT ILLEGAL
              SENTENCE. >POST CONVICTION HEARING SET FOR 02/05/18 IN SECTION
              H .
02/05/2018                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR POST CONVICTION
              HEARING >DEFENDANT'S MOTION TO CORRECT ILLEGAL SENTENCE WILL
              NOT BE CONSIDERED.
02/27/2018                                                          FISHERT
              CLERK'S OFFICE RECEIVED NOTICE OF INTENTION TO FILE FOR
              SUPERVISORY WRITS.
03/26/2018                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >DEFENDANT MAILED IN THE FOLLOWING 'MOTIONS': (1)
              MOTION FOR AN OUT-OF-TIME APPEAL. (2) MOTION FOR AN
              ARRAIGNMENT. (3) MOTION FOR APPOINTMENT OF COUNSEL. >POST
              CONVICTION HEARING SET FOR 03/28/18 IN SECTION H .
03/28/2018                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR POST CONVICTION
              HEARING >THE DEFENDANT'S MOTION FOR AN OUT OF TIME APPEAL,
              MOTION AND ORDER FOR AN ARRAIGNMENT, AND MOTION FOR APPOINTMENT
              OF COUNSEL WILL NOT BE CONSIDERED.
04/03/2018                                                         ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >DEFENDANT HAS MAILED IN "NOTICE OF INTENTION TO
```

```
              FILE FOR SUPERVISORY WRITS." LA. SUPREME COURT HAS RECEIVED
              PLEADINGS ON 2/1/18. >CASE NO. 2018-KH-205.
04/25/2018                                                        ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT AS PER LAW CLERK: >LA. SUPREME COURT 2018-KH-0205,
              WRIT NOT CONSIDERED. PER CURIAUM: >DEFENDANT HAS NOT
              DEMOSTRATED THAT HE SOUGHT REVIEW IN THE COURT(S) BELOW BEFORE
              FILING IN THIS COURT NOR SHOWN "EXTRAORDINARY CIRCUMSTANCES"
              THAT WOULD JUSTIFY BYPASSING THAT LEVEL.
05/07/2018                                                         FISHERT
              CLERK'S OFFICE RECEIVED MOTION TO SHOW CAUSE WITH INCORPORATED
              MEMORANDUM.(MILLER RICHARD)
05/22/2018                                                        ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT DEFENDANT FILED MOTION TO HAVE THE JUDGE RECUSED,
              PRELIMINARY >HEARING, THE CONVICTION BE REVERSED AND/OR AFFORD
              ANY AND ALL RELIEF. >POST CONVICTION HEARING SET FOR 05/24/18
              IN SECTION H .
05/24/2018                                                        ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR POST CONVICTION
              HEARING >DEFENDANT'S REQUESTS WILL NOT BE CONSIDERED (SEE
              JUDGMENT FILED)
06/13/2018                                                        ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >DEFENDANT FILED INTENT TO SEEK WRITS. >LA. SUPREME
              COURT 2018-KH-0205, WRIT NOT CONSIDERED. PETITIONER HAS NOT
              DEMOSTRATED THAT HE SOUGHT REVIEW IN THE COURT BELOW BEFORE
              FILING IN THIS COURT NOR SHOWN THE 'EXTRAORDINARY
              CIRCUMSTANCES' THAT WOULD JUSTIFY BYPASSING THAT LEVEL OF REVIEW.
08/07/2018                                                        ANDREWSA
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT >AS PER LAW CLERK: FOURTH CIRCUIT COURT OF APPEAL,
              NO. 2018-K-0583, WRIT DENIED.
09/07/2018                                                         FISHERT
              CLERK'S OFFICE RECEIVED MOTION TO CORRECT ILLEGAL SENTENCE.
              (MILLER RICHARD)
              >DEFENDANT, RICHARD J MILLER DID NOT APPEAR FOR FILING(S) IN
              OPEN COURT DEFENDANT FILED MOTION TO CORRECT ILLEGAL SENTENCE.
              >POST CONVICTION HEARING SET FOR 09/17/18 IN SECTION H .
09/17/2018                                                        ANDREWSA
              >DEFENSE COUNSEL STAS MOROZ APPEARED WITHOUT DEFENDANT, RICHARD
              J MILLER FOR POST CONVICTION HEARING >THE DEFENDANT IS IN THE
              CUSTODY OF DOC. ADA CHRIS BOWMAN PRESENT FOR THE STATE. >POST
              CONVICTION HEARING SET FOR 11/09/18 >NOTIFY DEF.COUNSEL. >PDOJL
09/26/2018                                                      AHERNJANET
              >POST CONVICTION HEARING SET FOR 10/03/18 IN SECTION H .
10/03/2018                                                        ANDREWSA
              >JUDGMENT OF 5-22-18 IS AMENDED AND ENTERED INTO RECORD.
11/09/2018                                                        ANDREWSA
              >THE DEFENDANT, RICHARD J MILLER APPEARED FOR POST CONVICTION
              HEARING WITH COUNSEL, STAS MOROZ ADA CHRIS BOWMAN PRESENT FOR
              THE STATE. >THE DEFENSE FILED: >-MOTION AND ORDER FOR WRIT OF
              HABEAS CORPUS AD PROSEQUENDUM. >POST CONVICTION HEARING SET FOR
              01/18/19 >NOTIFY DEF.COUNSEL. >PDOJL
12/19/2018                                                         FISHERT
              CLERK'S OFFICE RECEIVED MOTION TO CORRECT ILLEGAL SENTENCE.
              (MILLER RICHARD)
12/20/2018                                                         MARTINDA
              >THE COURT FILED: -LETTER OF RESPONSE(12/18/18)
01/17/2019                                                        ANDREWSA
              >DEFENSE FILED: >SUPPLEMENTAL MEMO IN SUPPORT OF MOTION TO
              CORRECT ILLEGAL >SENTENCE.
01/18/2019                                                        ANDREWSA
              >THE DEFENDANT, RICHARD J MILLER APPEARED FOR STATUS HEARING
              POST CONVICTION WITH ATTYS., STAS MOROZ/ANNICK JORDAN. ADA
```

```
CHRIS BOWMAN PRESENT. ************PREVIOUS SENTENCE IS
VACATED********************* >RICHARD J MILLER DEFENDANT
WAIVED DELAYS. >SENTENCE: >AS TO COUNT 1 ONLY (40:967 F 1) >22
YEARS, AT DOC AT HARD LABOR. >CONCURRENT WITH THESE COUNTS: ANY
OTHER SENTENCE >WITHOUT BENEFIT OF PROBATION, PAROLE OR
SUSPENSION. THIS IS A MULTIPLE BILL SENTENCE UNDER 15:529.1
(DOUBLE OFFENDER) >CREDIT FOR TIME SERVED FROM 11/05/97 >CASE
CLOSED, THIS DEFENDANT.
==========================================================================
                          END OF DOCKET MASTER
==========================================================================
```

Disclaimer:
The Orleans Parish Sheriff's Office provides computer services to both the Orleans Parish Clerk of Criminal District Court and the Orleans Parish Criminal District Court. The Orleans Parish Sheriff's Office DOES NOT maintain or ensure the information provided is complete and accurate, and this information can change quickly. Therefore, the information on this site may not reflect the true charges, status, next court date, or other information regarding a case. The information is provided as a request under the Freedom of Information Act, and the Public Records Act. Nothing contained herein is intended to imply or infer the guilt or wrongdoing of any person(s) listed on this site. This information shall not be considered, or used as, a public document, or official document, and no other publication or copying of this information is allowed without the express written consent of the person(s), and the Orleans Parish Criminal District Court.

For questions, comments, and other information you may contact the Orleans Parish Clerk of Criminal District Court, Records Division at (504) 658-9000. This information is made available to the public and law enforcement in the interest of public safety. Any unauthorized use of this information is forbidden and subject to criminal prosecution.